**BUCKLEY LLP**
JAMES R. McGUIRE (State Bar No. 189275)
jmcguire@buckleyfirm.com
SARAH N. DAVIS (State Bar No. 275145)
sdavis@buckleyfirm.com
LAUREN L. ERKER (State Bar No. 291019)
lerker@buckleyfirm.com
201 Mission Street, 12th Floor
San Francisco, CA 94105
Telephone: (415) 619-3500
Facsimile: (415) 619-3505

MICHAEL A. ROME (State Bar No. 272345)
mrome@buckleyfirm.com
100 Wilshire Boulevard, Suite 1000
Santa Monica, California 90401
Telephone: (310) 424-3900
Facsimile: (310) 424-3960

Attorneys for Defendant U.S. Bank, N.A.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNA MCGOVERN, *on Behalf of Herself and All Others Similarly Situated*,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK, N.A.<br><br>Defendant. | Case No. 3:18-cv-01794-CAB-LL<br><br>**DEFENDANT U.S. BANK, N.A.'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF THE COURT'S AUGUST 10, 2020 ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF NO. 54)**<br><br>Date:   December 4, 2020<br>Crtrm.: 15A<br><br>**PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT**<br><br>The Hon. Cathy Ann Bencivengo<br>Courtroom:    15A |

Case No. 3:18-cv-01794-CAB-LL
DEFENDANT U.S. BANK N.A.'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on December 4, 2020, before the Honorable Cathy Ann Bencivengo, in Courtroom 15A of the James M. Carter and Judith N. Keep United States Courthouse, 333 West Broadway, San Diego, California 92101, Defendant U.S. Bank N.A. ("U.S. Bank"), by and through its undersigned counsel, will and does hereby move this Court for an order reconsidering its prior order granting Plaintiff's motion for reconsideration (ECF No. 54). This motion is made on the grounds that new Ninth Circuit authority warrants reconsideration of a legal issue addressed in the Court's prior order. This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, all pleadings and papers on file in this action, any arguments of counsel, and such other and further matters as the Court may consider.

DATED: October 30, 2020         Respectfully submitted,

                                           BUCKLEY LLP

                                           By: /s/ James R. McGuire
                                                   James R. McGuire
                                                   Michael A. Rome
                                                   Sarah N. Davis
                                                   Lauren L. Erker

                                           Attorneys for Defendant U.S. Bank N.A.

## TABLE OF CONTENTS

**Page**

I.  INTRODUCTION .................................................................................................. 1

II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ............... 2

    A. Plaintiff's Account Agreement ............................................................... 2

    B. Plaintiff's Allegations .............................................................................. 2

    C. The Arbitration Order ............................................................................. 3

    D. Plaintiff's Interlocutory Appeal and the Subsequent Stay ...................... 4

    E. Plaintiff's Motion for Reconsideration and the Reconsideration Order ........................................................................................................ 5

III. LEGAL STANDARD ........................................................................................ 5

IV. ARGUMENT ..................................................................................................... 6

    A. *Stover* Requires This Court to Conduct a Threshold Standing Analysis Before Permitting Plaintiff to Invoke the *McGill* Rule to Evade Arbitration ................................................................................... 6

    B. Plaintiff Cannot Establish Article III Standing Because She Fails to Allege a Concrete Risk of Future Injury ............................................. 7

V. CONCLUSION ................................................................................................. 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Blair v. Rent-A-Ctr. Inc.*,
  928 F.3d 819 (9th Cir. 2019) ................................................................... *passim*

*California Trucking Ass'n v. Su*,
  No. 16-CV-1866-CAB-MDD, 2017 WL 6049243 (S.D. Cal. Feb. 2, 2017) ............................................................................................................. 5

*Chapman v. Pier 1 Imps. (U.S.) Inc.*,
  631 F. 3d 939 (9th Cir. 2011) ................................................................. 7, 9

*City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*,
  254 F.3d 882 (9th Cir. 2001) ...................................................................... 5

*Davidson v. Kimberly-Clark Corp.*,
  889 F.3d 956 (9th Cir. 2018) ...................................................................... 8

*Fernandez v. Atkins Nutritionals, Inc.*,
  No. 3:17-cv-01628-GPC-WVG, 2018 WL 280028 (S.D. Cal. Jan. 3, 2018) ........................................................................................................... 10

*Herrera v. Wells Fargo Bank, N.A.*,
  No. SACV 18-332 JVS(MRWx), 2020 WL 5804255 (C.D. Cal. Sep. 8, 2020) ............................................................................................................ 9

*Jackson v. General Mills, Inc.*,
  No. 18cv2634-LAB (BGS), 2020 WL 5106652 (S.D. Cal. Aug. 28, 2020) ..................................................................................................... 9, 10

*McArdle v. AT&T Mobility LLC*,
  772 Fed. App'x. 575 (9th Cir. 2019) ........................................................... 4

*McArdle v. AT&T Mobility LLC*,
  No. 09-cv-01117-CW, 2017 WL 4354998 (N.D. Cal. Oct. 2, 2017), aff'd, 772 Fed. App'x 575 (9th Cir. 2019) ................................................ 6

*McGill v. Citibank, N.A.*,
  2 Cal 5th 945 (2017) ......................................................................... *passim*

*O'Shea v. Littleton*,
　414 U.S. 488 (1974) ....................................................................................... 7

*Rahman v. Mott's LLP*,
　No. 13-cv-03482-SI, 2018 WL 4585024 (N.D. Cal. Sept. 25, 2018) ................ 10

*Schertzer v. Bank of Am., N.A.*,
　445 F. Supp. 3d 1058 (S.D. Cal. 2020) ............................................................. 9

*Shanks v. Jarrow Formulas, Inc.*,
　No. LA CV 18-09437 PA, 2019 WL 7905745 (C.D. Cal. Dec. 27,
　2019) ................................................................................................................ 7

*Stover v. Experian Holdings, Inc.*,
　No. 19-55204, 2020 WL 6156048 (9th Cir. Oct. 21, 2020) ........................*passim*

*Tillage v. Comcast Corp.*,
　772 Fed. App'x. 569 (9th Cir. 2019) ................................................................. 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant U.S. Bank N.A. ("U.S. Bank") hereby seeks an order reconsidering the Court's August 10, 2020 order granting Plaintiff Reyna McGovern's ("Plaintiff") motion for reconsideration (ECF No. 54 (the "Reconsideration Order")) in light of new Ninth Circuit authority holding that before a plaintiff may rely on *McGill v. Citibank, N.A.*, 2 Cal 5th 945 (2017) to evade arbitration, the plaintiff must first adequately allege Article III standing to seek public injunctive relief. *Stover v. Experian Holdings, Inc.,* No. 19-55204, 2020 WL 6156048, at *4 (9th Cir. Oct. 21, 2020). As set forth below, because Plaintiff cannot meet this now-required threshold standing inquiry, she cannot use the so-called *McGill* rule to "excuse [herself] from binding arbitration of her claims against [U.S. Bank]." *Id.* at *5.

In the Reconsideration Order, the Court reversed its prior order granting U.S. Bank's motion to compel arbitration (ECF No. 28) ("Arbitration Order"), concluding that under *McGill*—as interpreted by *Blair v. Rent-A-Ctr. Inc.*, 928 F.3d 819, 831 (9th Cir. 2019)—"the public injunctive relief waiver language in the arbitration provision" rendered that provision facially "invalid and unenforceable." (Reconsideration Order at 3.) In reaching this conclusion, the Court declined to address U.S. Bank's argument that Plaintiff's lack of Article III standing to seek a public injunction precluded her from invoking the *McGill* rule, holding that such an analysis was "not require[d]" under *Blair*. (Reconsideration Order at 3 n.1 ("In light of the binding authority of *Blair*…whether Plaintiff seeks 'public injunctive relief' or has standing to do so are irrelevant to the enforceability of the arbitration section of her Deposit Account Agreement" under *McGill*).)

The Ninth Circuit's recent decision in *Stover* requires reconsideration of this conclusion. In *Stover*, the Ninth Circuit concluded that it is incorrect to interpret *Blair* to "stand[] for the proposition that no other analysis is necessary in order to exempt a plaintiff from binding arbitration once a court has determined that the contract would

prohibit judicial resolution of a claim for public injunctive relief." *Stover*, 2020 WL 6156048, at *4. Rather, in addition to demonstrating an arbitration agreement prohibits public injunctive relief, a plaintiff "**must also allege** that she has Article III standing" in order "to seek public injunctive relief in federal court." *Id.* (emphasis added). The *Stover* court then applied well-settled standing principles and concluded that because the plaintiff failed to allege a sufficient threat of future harm, she had no Article III standing to seek a public injunction and could not invoke the *McGill* rule to evade arbitration. *Id.* ("Stover's complaint does not allege the threat of future harm…required for Article III standing in a case seeking public injunctive relief. Because Stover has not done so, the *McGill* rule does not preclude arbitration of her California UCL claim.").

As U.S. Bank argued in opposition to the motion for reconsideration and reiterates below, Plaintiff cannot establish Article III standing to seek a public injunction because she has not and cannot plead any facts establishing that she will be harmed or wronged in a similar way in the future. Accordingly, just like the Plaintiff in *Stover*, "the *McGill* rule does not preclude arbitration of her California UCL claim." *Id.*

For these reasons, U.S. Bank respectfully requests that this Court reconsider and reverse the Reconsideration Order and compel Plaintiff's claims to arbitration.

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A. Plaintiff's Account Agreement

Plaintiff alleges that she maintained a checking account and debit card with U.S. Bank. (First Amended Complaint ("FAC") ¶¶ 39-40.) As Plaintiff admits, this checking account is governed by the Deposit Account Agreement ("Account Agreement"). (*Id.* ¶¶ 39, 73, Ex. 1.) Among other terms, Plaintiff agreed to pay U.S. Bank for "any overdraft amount **and** any overdraft fees charged" to her account, and acknowledged that she is responsible for "any account fees." (FAC Ex. 1 at 6.)

### B. Plaintiff's Allegations

Plaintiff alleges that on May 20, 2018, she was assessed an out-of-network

("OON") fee for checking the balance on her account and an additional OON fee for subsequently withdrawing cash at an OON ATM. (FAC ¶ 63.) She alleges that the Account Agreement does not permit U.S. Bank to charge two OON fees under these circumstances. (*Id.* ¶ 64.) Plaintiff also alleges that on December 22, 2017, she "was assessed an [overdraft] [f]ee on a debit card transaction that was initiated on an earlier date and at a time when [she] had sufficient funds in her account to cover the transaction[]." (*Id.* ¶ 101.) In Plaintiff's view, such transactions—that are authorized by U.S. Bank when a customer has sufficient funds in her account, but for which, because of other transactions the customer initiated, there are insufficient funds in the account by the time the merchant requests payment and the transaction posts to the account (an "authorize positive, settlement negative" or "APSN" transaction)—cannot be assessed overdraft fees under the Account Agreement. (*Id.*)

In sum, the gravamen of Plaintiff's claims in this case is that she was improperly charged OON fees and overdraft fees in violation of the Account Agreement. She asserts that had she known of the practices she claims were improper, she either "would not have opened her account" or "would have avoided" "checking her balance prior to withdrawing funds" at an OON ATM and "making [APSN] transactions with her debit card." (FAC ¶¶ 65, 104.)

As set forth in U.S. Bank's pending motion to dismiss, U.S. Bank denies Plaintiff's allegations are sufficient to adequately state a claim. (ECF No. 58.) In any event, these are backward-facing allegations about what Plaintiff supposedly *would have done differently in the past*. The FAC is silent on the threat of *future* harm to Plaintiff, except that it generically alleges that "U.S. Bank's conduct continues to deceive the general public" and that the public injunction Plaintiff seeks "will protect the public from U.S. Bank's deceitful marketing practices." (FAC ¶¶ 120, 136.)

### C. The Arbitration Order

On October 30, 2018, U.S. Bank moved to compel arbitration of Plaintiff's

individual claims.[1]  Following Plaintiff's opposition (ECF No. 20) and supplemental briefing on Article III standing ordered by the Court (ECF Nos. 23, 24), the Court granted the motion, holding that the Federal Arbitration Act ("FAA") preempted the *McGill* rule.  (ECF No. 28, Arbitration Order at 10-17.)  Separately, the Court also found that Plaintiff did not appear to be actually seeking public injunctive relief and did not have Article III standing to do so,[2] but did not decide the motion on these grounds, instead resting its decision on the preemption issue.  (*Id.* at 6-10.)

### D.     Plaintiff's Interlocutory Appeal and the Subsequent Stay

Plaintiff moved for interlocutory review of the Arbitration Order, but the parties agreed that Plaintiff's request and any arbitration proceedings would be stayed pending the issuance of the Ninth Circuit's mandate in *McCardle v. AT&T Mobility LLC*, Ninth Circuit Case No. 17-17246, one of a trio of cases raising on appeal the same preemption issue Plaintiff sought to raise. (ECF No. 37.)  The Ninth Circuit issued decisions in all three cases holding that *McGill* is not preempted by the FAA.  *See Blair*, 928 F.3d at 830–31; *McArdle v. AT&T Mobility LLC*, 772 Fed. App'x. 575 (9th Cir. 2019); *Tillage v. Comcast Corp.*, 772 Fed. App'x. 569 (9th Cir. 2019).  The *McArdle* and *Tillage* plaintiffs sought certiorari, but the Supreme Court denied that request.  Thereafter, the mandate issued in *McArdle* and the Court permitted Plaintiff to file a motion for

---

[1] The parties' agreement to arbitrate ("Arbitration Agreement") is contained in the account agreement attached to the FAC.  (ECF No. 17, Ex. 1.)  Notably, like the parties' arbitration agreement in this case, the arbitration agreement in *Stover* also precludes a plaintiff from pursuing representative actions in arbitration and contains a "poison pill."  Decl. of David Williams in Support of Defs.' Mot. to Compel Individual Arbitration, Ex. D at 2, *Stover v. Experian Holdings, Inc.*, No. 8:18-cv-00826-CJC-DFM (C.D. Cal. Aug. 24, 2018), ECF No. 26-2 ("The arbitrator may award injunctive relief only in favor of the individual party seeking relief…[i]f this specific subparagraph (f) is found to be unenforceable, then the entirety of this arbitration provision shall be null and void.").

[2] Arbitration Order at 8 (explaining that because public injunctive relief "by and large benefits the general *public*," it cannot "redress *the plaintiff's* injury.").

reconsideration of the Arbitration Order.  (ECF Nos. 47, 48.)

### E. Plaintiff's Motion for Reconsideration and the Reconsideration Order

On July 2, 2020, Plaintiff moved for reconsideration of this Court's prior order, arguing the Ninth Circuit's decision in *Blair* warranted reconsideration of this Court's conclusions that the FAA preempted *McGill*, that Plaintiff did not seek true public injunctive relief, and that Plaintiff lacked standing to seek public injunctive relief. (ECF No. 49-1 at 7-12.)  U.S. Bank opposed, arguing (among other things) that Plaintiff could not invoke the *McGill* rule because (1) Plaintiff did not actually seek true public injunctive relief and (2) Plaintiff lacked Article III standing to seek a public injunction.  (ECF No. 52 at 6-24.).

On August 10, 2020, the Court issued its Reconsideration Order granting Plaintiff's motion for reconsideration and denying U.S. Bank's motion to compel arbitration.  (ECF No. 54.)  The Court declined to reconsider its prior "analysis of whether the relief Plaintiff seeks in this case qualifies as 'public injunctive relief' or whether Plaintiff has Article III standing to seek 'public injunctive relief.'" (*Id.* at 3 n.1.)  The Court explained that "[b]ased on the holding in *Blair*, the public injunction waiver provision in the arbitration agreement is invalid and unenforceable," and concluded that in light of that "binding authority….whether Plaintiff seeks 'public injunctive relief' or has standing to do so are irrelevant to the enforceability of the arbitration section of her Deposit Account Agreement."  (*Id.*)

### III. LEGAL STANDARD

A court properly may grant reconsideration where "there is an intervening change in the controlling law."  *California Trucking Ass'n v. Su*, No. 16-CV-1866-CAB-MDD, 2017 WL 6049243, at *1 (S.D. Cal. Feb. 2, 2017).  This rule applies to the Court's interlocutory decisions because "[a]s long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."  *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001).  It

is particularly appropriate to grant reconsideration of an order compelling arbitration where a substantive change in the law bears directly on the basis for the Court's order. *See, e.g., McArdle v. AT&T Mobility LLC*, No. 09-cv-01117-CW, 2017 WL 4354998, at *2 (N.D. Cal. Oct. 2, 2017) (granting reconsideration of order compelling arbitration because the ruling in *McGill* was "a significant change in California law"), aff'd, 772 Fed. App'x 575 (9th Cir. 2019)).

## IV.  ARGUMENT

### A.  *Stover* Requires This Court to Conduct a Threshold Standing Analysis Before Permitting Plaintiff to Invoke the *McGill* Rule to Evade Arbitration

The Court's order granting reconsideration hinged on an interpretation of *Blair* that the Ninth Circuit has now rejected.  Specifically, in connection with seeking reconsideration of the Arbitration Order, Plaintiff urged the Court to conclude that *McGill*, as interpreted by *Blair*, gave Plaintiff a facial challenge to any arbitration agreement without regard to whether Plaintiff actually seeks public injunctive relief or has standing to do so.  (Reply in Support of Motion to Compel Arbitration at 10, ECF No. 53 ("no public injunctive relief claims are required to invoke *McGill*").)  The Court appears to have agreed with this reasoning, ultimately concluding that it need not reconsider its analysis of "whether the relief Plaintiff seeks in this case qualifies as 'public injunctive relief' or whether Plaintiff has Article III standing to seek 'public injunctive relief'" because those issues were "irrelevant" to whether *McGill* rendered the arbitration agreement unenforceable. (Reconsideration Order at 3 n.1.)  In reaching this conclusion, the Court relied on *Blair*.  (*Id.*)

The decision in *Stover* clarifies that this interpretation of *Blair* is incorrect.  In *Stover*, as here, the plaintiff "characterize[d] *Blair* as standing for the proposition that no other analysis is necessary in order to exempt a plaintiff from binding arbitration once a court has determined that a contract would prohibit…public injunctive relief." *Stover*, 2020 WL 6156048, at *4.  The Ninth Circuit rejected that position, noting that while the *Blair* court found the underlying contract was unenforceable under *McGill*

"without [conducting] an individualized assessment of the plaintiff's claims," the law in this circuit is clear that a plaintiff "seek[ing] public injunctive relief in federal court…must also allege that she has Article III standing." *Id.*[3] It then found that because the plaintiff did not and could not allege facts sufficient to establish Article III standing to seek a public injunction, she could not invoke *McGill* to "excuse [herself] from binding arbitration of her claims." *Id.* at *4-5.

In light of *Stover*, the Court's decision not to address U.S. Bank's standing arguments must be reconsidered. And as set forth below, Plaintiff has not and cannot allege facts sufficient to confer standing to seek a public injunction and thus cannot invoke the *McGill* rule to evade her agreement to arbitrate.

### B.  Plaintiff Cannot Establish Article III Standing Because She Fails to Allege a Concrete Risk of Future Injury

Plaintiff has no standing in this case to seek any injunction at all, let alone a public injunction, as she has pled no facts establishing any reason to believe she will be wronged in a similar way in the future. "To have standing to obtain injunctive relief, a plaintiff must allege that a 'real or immediate threat' exists that [s]he will be wronged again." *Shanks v. Jarrow Formulas, Inc.*, No. LA CV 18-09437 PA (AFMx), 2019 WL 7905745, at *5 (C.D. Cal. Dec. 27, 2019) (quoting *Rahman v. Mott's LLP*, No. 13-CV-3482 SI, 2014 WL 5282106, at *5 (N.D. Cal. Oct. 14, 2014); *see Chapman v. Pier 1 Imps. (U.S.) Inc.*, 631 F. 3d 939, 946 (9th Cir. 2011) ("[T]o establish standing to pursue injunctive relief . . . [a plaintiff] must demonstrate a 'real and immediate threat of repeated injury' in the future.") (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974)). *Stover* confirms that this applies with equal force to requests for public injunctions. *Stover*, 2020 WL 6156048, at *4.

---

[3] The issue of Article III standing was not raised by the parties in *Blair*, so it is unsurprising that the *Blair* decision does not address it. Where, as in *Stover* and in this case, a defendant raises a standing challenge, a plaintiff cannot invoke *McGill* unless the plaintiff has Article III standing to seek a public injunction in the first place.

Where, as here, a plaintiff is now knowledgeable about a challenged practice or statement, the circumstances in which that plaintiff can establish a "real and immediate threat" of future injury necessary to seek an injunction are limited and narrowly circumscribed. In *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018), while the Ninth Circuit rejected a categorical rule "that injunctive relief is *never* available for a consumer who learns after purchasing a product that the label is false[,]" it reiterated that the plaintiff still must allege facts that could support a risk of future harm, *id.* at 970 (emphasis in original), and provided guidance regarding the kinds of allegations that would be sufficient to confer standing to seek an injunction:

> In some cases, the threat of future harm may be the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to . . . . In other cases, the threat of future harm may be the consumer's plausible allegations that she might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved.

*Id.* at 969-70.

Plaintiff in this case alleges no such facts—nor could she. As noted above, the only injuries Plaintiff alleges in the complaint are *past* injuries—allegations that she either would not have opened her account or would not have incurred the fees had they been adequately disclosed. *Infra* at 2:27-3:25. These allegations are plainly insufficient to establish standing to seek an injunction because none of them establish a threat of *future* harm. *Davidson*, 889 F.3d at 967 ("Past wrongs [are] insufficient by themselves to grant standing" for an injunction). Indeed, Plaintiff wholly fails to allege a credible desire "to purchase the product" at issue in this case again in the future, which is fatal to her standing to seek an injunction under *Davidson* and *Stover*. *Davidson*, 889 F.3d at 969-70; *Stover*, 2020 WL 6156048 at *4 (holding the plaintiff's proposed amendment was inadequate to confer standing to seek an injunction because she did not allege a desire to purchase the product again in the future). Such an allegation is a necessary

(but not sufficient) prerequisite for standing because if the plaintiff does not desire to obtain the same product again, the injunction will not benefit the plaintiff in any way. *Jackson v. General Mills, Inc.*, No. 18cv2634-LAB (BGS), 2020 WL 5106652, at *6 (S.D. Cal. Aug. 28, 2020) ("The fact that other customers might benefit from an injunction and therefore might have standing does not mean [plaintiff] does."). As in *Stover*, Plaintiff does not allege that she "desires" to open another account with U.S. Bank, check her balance prior to making a withdrawal at an OON ATM, or withdraw funds needed to pay for pending transactions, and thus lacks standing to seek injunctive relief. *Id.*; *see also Herrera v. Wells Fargo Bank, N.A.*, No. SACV 18-332 JVS(MRWx), 2020 WL 5804255, at *5 (C.D. Cal. Sep. 8, 2020) (granting motion to compel arbitration where agreement prohibited public injunctive relief but the plaintiff lacked Article III standing to seek such relief because he did not allege that he desired to enter into the challenged contract in the future); *Schertzer v. Bank of Am., N.A.*, 445 F. Supp. 3d 1058, 1075 (S.D. Cal. 2020) (dismissing UCL injunctive relief claim for lack of standing where they did not allege they intended to use the defendant's ATM "in the future to make a balance inquiry knowing the information that they now know.").

Nor could Plaintiff amend her complaint to adequately allege facts sufficient to establish a "real and immediate threat" of future injury necessary to seek an injunction. *Chapman*, 631 F.3d at 946. Plaintiff's alleged injuries giving rise to her request for injunctive relief stem from representations in the Account Agreement between Plaintiff and U.S. Bank, which Plaintiff claims deceived her into opening an account with U.S. Bank and incurring the challenged OON and overdraft fees. (FAC ¶¶ 62-65, 100-104.) Plaintiff has not alleged any factual scenario in which she would receive these exact same disclosures again in a context that would induce her to act in a similar way, or that she is aware of concrete or imminent circumstances that will cause her to incur the challenged fees in the future. Nor could she, as the current disclosures have been

amended in a manner that precludes Plaintiff's idiosyncratic interpretation,[4] and Plaintiff is now fully on notice that U.S. Bank charges overdraft fees for APSN transactions and balance inquiries at OON ATMs.

Indeed, even if Plaintiff requested leave to allege that she desires to open another account or make balance inquiries at OON ATMs, she still could not allege that she would not know whether she would incur the at-issue fees if she did. Plaintiff is now fully aware of the meaning of the language in the Account Agreement she claims to have been deceived by in the first place—which has been amended in any event. As other courts have similarly concluded, a plaintiff cannot establish standing by ignoring what they pled in their complaint so they can allege they may be misled in the future. *See, e.g., Jackson*, 2020 WL 5106652, at *6 (granting motion to dismiss UCL claim for injunctive relief based on Article III standing and denying leave to amend because the plaintiff "is on notice of facts in her own complaint[, and i]f she chooses to ignore them…her reliance would not be reasonable."); *Fernandez v. Atkins Nutritionals, Inc.*, No. 3:17-cv-01628-GPC-WVG, 2018 WL 280028, at *14-15 (S.D. Cal. Jan. 3, 2018) (finding no standing to seek injunction because the plaintiff had not alleged a desire to purchase the products in the future and "now has knowledge that enables her to make an appropriate choice with respect to" the defendant's products); *Rahman v. Mott's LLP*, No. 13-cv-03482-SI, 2018 WL 4585024, at *2 (N.D. Cal. Sept. 25, 2018) (finding no standing to pursue injunction in a deceptive labeling case because "whatever his prior

---

[4] *See* Your Deposit Account Agreement & General Terms & Conditions Electronic Transfers Funds Availability (Effective May 11, 2020) at 8 ("If any debit card transaction results in a negative Available Balance at the time it is presented for payment, even if your Available Balance was positive at the time the debit card transaction was authorized, you may be charged an Overdraft Paid Fee"), https://www.usbank.com/pdf/Deposit-Account-Agreement.pdf (last accessed October 29, 2020); Consumer Pricing Information (Effective August 10, 2020) at 5 (providing customers will be charged a fee for "each" balance inquiry and withdrawal at OON ATMs), https://www.usbank.com/dam/documents/pdf/regions/CPI1.pdf (last accessed October 29, 2020).

state of knowledge, [the plaintiff] is now fully aware" of the meaning of the product label, and thus could not establish a future threat of cognizable harm).

The Court should follow those decisions and hold that Plaintiff has not and cannot establish a future threat of cognizable harm sufficient to confer standing to seek an injunction.

## V. CONCLUSION

For the reasons stated above, U.S. Bank respectfully requests that the Court grant U.S. Bank's motion to reconsider the Court's August 10, 2020 Reconsideration Order and compel this case to arbitration.

DATED: October 30, 2020          BUCKLEY LLP

By: /s/ James R. McGuire
    James R. McGuire
    Michael A. Rome
    Sarah N. Davis
    Lauren L. Erker

    Attorneys for Defendant U.S. Bank N.A.