UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNA MCGOVERN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK N.A.,<br><br>Defendant. | Case No.:  18-CV-1794-CAB-LL<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>[Doc No. 64] |

On August 10, 2020, the Court granted Plaintiff's motion for reconsideration of a prior order granting Defendant's motion to compel arbitration of Plaintiff's individual claims.[1] [Doc. No. 54.] In that August 10 Order, the Court held:

1. Based on *Blair v. Rent-A-Ctr., Inc.*, 928 F.3d 819, 831 (9th Cir. 2019), the public injunction waiver language in the arbitration provision in Plaintiff's Deposit Account Agreement is encompassed by *McGill v. Citibank, N.A.*, 2 Cal. 5th 945 (2017), meaning that the public injunction waiver is invalid and unenforceable; and

2. Based on *McArdle v. AT&T Mobility LLC*, 772 F. App'x 575 (9th Cir. 2019), *cert. denied*, No. 19-1078, 2020 WL 2814785 (U.S. June 1, 2020), the unambiguous non-severability clause in the Deposit Account Agreement invalidates the entire arbitration agreement section as a result

---

[1] The procedural history of this case was detailed in that order and will not be repeated here.

1

> of the invalidity and unenforceability of the public injunction waiver provision therein.

The August 10 Order also noted that it was unnecessary reconsider whether Plaintiff has Article III standing to seek public injunctive relief:

> This conclusion does not require reconsideration of the Court's analysis of whether the relief Plaintiff seeks in this case qualifies as "public injunctive relief" or whether Plaintiff has Article III standing to seek "public injunctive relief." Based on the holding in *Blair*, the public injunction waiver provision in the arbitration agreement here is invalid and unenforceable. Based on the holding in *McArdle*, the invalidity of the public injunction waiver provision renders the entire arbitration provision null and void due to the non-severability provision. In light of the binding authority of *Blair*, and the Ninth Circuit's application of that authority in *McArdle*, whether Plaintiff seeks "public injunctive relief" or has standing to do so are irrelevant to the enforceability of the arbitration section of her Deposit Account Agreement.

*See* August 10 Order at note 2 [Doc. No. 54].

Defendant U.S. Bank N.A. ("USB") now moves for reconsideration of the August 10 Order in light of the Ninth Circuit's holding in *Stover v. Experian Holdings, Inc.*, 978 F.3d 1082 (9th Cir. 2020). USB contends that *Stover* stands for the proposition that to avoid arbitration based on *McGill*, Plaintiff must first allege Article III standing to seek public injunctive relief. The Court is not persuaded. The arbitration agreement in *Stover* is different from the one in question here.

The *Stover* arbitration agreement required "that all disputes between the parties must be submitted to arbitration to the fullest extent allowed by law." *Stover*, 978 F.3d at 1086. Thus, the Ninth Circuit first held that this language "does not flatly prohibit a plaintiff seeking public injunctive relief in court. Instead, the agreement subjects to arbitration all disputes to the fullest extent allowed by law—which would presumably exclude claims for public injunctive relief in California. This means that the arbitration provision is not facially unenforceable under *Blair*." *Id.* at 1087. In light of this conclusion, the plaintiff in *Stover* had to arbitrate all of her claims except any claim for public injunctive relief. Thus, the only way the plaintiff could maintain any of her case in federal court was if she had asserted a claim for public injunctive relief and had standing to do so. The Ninth

Circuit concluded she had not alleged Article III standing for a claim for public injunctive relief, meaning that all of her claims had to be resolved in arbitration.

In other words, the Ninth Circuit considered Article III standing for public injunctive relief only *after* determining that the agreement in question did not contain an unenforceable public injunction waiver and instead permitted litigation of public injunctive relief claims in court. USB essentially contends that *Stover* stands for the opposite conclusion: that a Court must evaluate Article III standing for public injunctive relief *before* it can consider whether a contract contains an unenforceable public injunction waiver that renders an entire arbitration provision null and void because of a non-severability clause. *Stover* does not stand for such a requirement. Instead, it stands for the rather unremarkable propositions that: (1) to litigate a claim for public injunctive relief in federal court, a plaintiff must have Article III standing to do so; and (2) that the existence of an unenforceable public injunction waiver does not preclude arbitration of any other claims if the arbitration agreement terms otherwise require arbitration of such claims.

Here, unlike in *Stover*, the Court has held that the public injunction waiver in the Deposit Account Agreement is unenforceable under *McGill* and *Blair*. USB does not appear to contest this conclusion in the instant motion. Nor did USB make such an argument in its opposition to Plaintiff's motion for reconsideration. [Doc. No. 52.] Instead, USB argues that Plaintiff does not actually seek public injunctive relief and that Plaintiff does not have Article III standing to seek public injunctive relief. Yet, whether Plaintiff actually seeks public injunctive relief, or has Article III standing to do so, is irrelevant to the unenforceability of the public injunction waiver in the Deposit Account Agreement, which is strictly a question of law and contract interpretation. Even more significantly, Article III standing, or lack thereof, is irrelevant to the nullification of the entire arbitration provision in Plaintiff's Deposit Account Agreement based on the non-severability clause.

To be absolutely clear and for the avoidance of all doubt going forward, the Court has held, continues to hold, and finds no grounds to reconsider the holding, that Plaintiff does not have (and cannot allege) Article III standing to seek public injunctive relief

because public injunctive relief is categorically incompatible with Article III standing. *See* Doc. No. 28 at 7-10 and August 10 Order at n.2; *see also Rogers v. Lyft, Inc.*, 452 F. Supp. 3d 904, 919 (N.D. Cal. 2020) ("[T]he question presented is whether the plaintiffs can invoke federal-court jurisdiction to adjudicate only a request for a public injunction. The answer is no. . . . [plaintiffs] may not invoke state law to use the federal courts merely to pursue a generalized public grievance. No matter its reasons, the fact that a State thinks a private party should have standing to seek relief for a generalized grievance cannot override the baseline requirements of Article III.") (internal quotation marks and citation omitted). Plaintiff's lack of Article III standing to seek public injunctive relief, however, does not change the conclusion that the public injunction waiver in the Deposit Account Agreement is unenforceable based on *McGill* and *Blair*, and that as a result, due to the non-severability clause, the entire arbitration section is null and void. *Stover* does not compel a different conclusion.

In sum, USB wants this Court to hold that the arbitration provision of Plaintiff's Deposit Account Agreement requires individual arbitration of all of Plaintiff's claims. But the plain language of that arbitration provision, based on the unenforceable public injunction waiver and non-severability clause, renders it null and void. In effect, there is no arbitration provision in the Deposit Account Agreement, meaning Plaintiff may litigate any and all claims for which she has Article III standing in this Court. The motion for reconsideration is therefore **DENIED**. Plaintiff shall file her opposition to the pending motion to dismiss [Doc. No. 58] by **December 14, 2020**. USB shall file its reply by **December 21, 2020**. The Court will then take the motion under submission and enter a ruling in due course.

It is **SO ORDERED**.

Dated:  December 3, 2020

Hon. Cathy Ann Bencivengo
United States District Judge